## Richmond

### CORNELL V. FORBES.

March 13, 1913.

1. PARTNERSHIP—*Dealings in Land—Proof Required—Case in Judgment—Issue Out of Chancery.*—Whether the suit in which this appeal is taken be treated as one for the specific performance of a contract for an interest in land, or for setting up and enforcing a partnership agreement for the purchase and sale of real estate, or for the recovery of compensation for services rendered in securing the contract of purchase, the preponderance of evidence is against the claim or claims asserted by the complainant in his pleadings. It is unnecessary, therefore, to consider what degree of proof is required to establish, as between the alleged partners, a parol agreement of partnership to deal in land, and it was not error for the trial court to refuse to direct an issue out of chancery in the cause.

Appeal from a decree of the Chancery Court of the city of Richmond. Decree for the defendant. Complainant appeals.

*Affirmed.*

The opinion states the case.

*Samuel A. Anderson, A. G. Collins* and *James E. Cannon,* for the appellant.

*Meredith & Cocke,* for the appellee.

BUCHANAN, J., delivered the opinion of the court.

This suit was brought by L. L. Cornell, the appellant, against W. S. Forbes, the appellee, and others. The case made by the original bill and the amended and supple-

mental bill, briefly stated, is that in the year 1904 the appellant and the appellee entered into an agreement for the purchase and sale on speculation of a parcel of land lying near the city of Richmond containing about twenty-five acres; that by the terms of the original agreement "it was understood and agreed that your orator should negotiate for the purchase of said land, and that in the event that the same could be purchased at a satisfactory price, the said Forbes would advance the necessary purchase money and would take title to said land in his name, to be held by him, however, as trustee for himself and your orator, and your orator being a practical dirt contractor, agreed on his part to do the necessary grading and platting of said land into streets and lots, to open up the drains and get the property into shape for selling, and to endeavor to find purchasers therefor, and also agreed that he would surrender his said lease of said farm (which at that time had more than three years to run at a rental of two hundred and forty dollars), would occupy the property until it should be sold, and in lieu of legal interest on his one-half of the purchase would pay to said Forbes two *per centum* upon the whole of the said purchase money, and would also pay the taxes and levies upon said property, which amounted to upwards of one hundred dollars *per annum,* and it was further agreed between the said parties that out of the proceeds of sale of said lots, the said Forbes should be repaid the purchase money to be advanced by him and that then the balance of said proceeds of sale or the residue of the land, whichever might thereafter be agreed upon, should be equally divided between the said Forbes and your orator; that after the appellant had made several offers for the land at prices which the vendor was unwilling to take, the latter finally offered to sell at the price of $18,000; that when that price was named the original agreement between the appellant and appellee,

which was still in force, was modified to the extent that if the land could not be purchased for less than $18,000 and the appellee sold it for less than $24,000 without the consent of the appellant, the latter was to receive $2,000 in lieu of one-half the profits; that the appellant went to Baltimore and perfected the agreement between the vendor and the appellee for the sale and purchase of the land at the price of $18,000; that after some correspondence between the appellant and appellee the latter, after he had ascertained that the land was worth vastly more than he was to pay for it, undertook to repudiate the said agreement, and denied that the appellant had any interest in the land or the profits to be derived from a sale thereof; that very soon after the contract for the purchase of the land had been entered into with the vendor, other persons claimed that they were prior purchasers of the same, instituted a suit against the vendor, filing a *lis pendens,* and sought to have their alleged contract specifically enforced, and that said suit was pending until June, 1908, when a final decree was entered dismissing the bill; that during said litigation the appellee could not pay the purchase price and get a deed for the land; that as soon as that suit was dismissed and when for the first time the appellant was in a position to do so, he instituted this suit for the enforcement of his said contract with the appellee; that if the court should hold that the said agreement cannot be enforced against the appellee in respect to the interest which the appellee claims in the land, or in the profits on the sale thereof, yet the appellant, at the appellee's request, rendered valuable services, which are specified, for the appellee in effecting the purchase of the land for which he in equity and good conscience should be compelled to compensate the appellant.

The prayer of the bill, so far as it is material to this appeal, is that the "said contract between the appellant

and the appellee be declared valid and binding, and that it be set up and established as a partnership agreement for the purchase of said real estate and a division of the profits of the sale thereof, and that in the event it cannot be enforced against the appellee in respect to the appellant's interest in the said land or in the profits on the sale thereof, the appellee be compelled to compensate the appellant in proportion to the services rendered to him in making the purchase."

The appellee answered the bill, denying substantially all the allegations of the original and amended and supplemental bills as to the partnership agreement set up by the appellant, denying that there was any agreement whatever between them by which the appellant was to have any interest in the said land or in the profits thereof when sold, or that he was entitled to any compensation from the appellee in connection with the purchase of the land.

Upon the hearing of the cause, the chancery court dismissed the bills. From that decree this appeal was granted.

Upon a careful examination of the voluminous record in the case, it is clear we think that the trial court did not err in refusing to grant the relief sought, whether the case be treated as a suit for the specific execution of a contract for an interest in land, or for setting up and enforcing a partnership agreement in which the appellant was to share in the profits arising from the purchase and sale of real estate, or for the recovery of compensation for services rendered by the appellant at the request of the appellee, even if a court of equity upon the case made for compensation would have jurisdiction.

No good purpose can be accomplished by discussing in detail the great mass of evidence in the cause, which is chiefly oral and much of it conflicting. It will be sufficient to say that whether the suit be treated as one for specific

performance of a contract for an interest in land, or for setting up and enforcing a partnership agreement for the purchase and sale of real estate, or for the recovery of compensation for services rendered, the preponderance of evidence is against the claim or claims asserted by the appellant in his pleadings. It is, therefore, unnecessary to consider the question discussed in the briefs as to the degree of proof required to establish, as between the alleged partners, a parol agreement of a partnership to deal in land; for if it were conceded (and we do not wish to be understood as expressing any opinion on the subject) that the existence of such a partnership need not be clearly established, but that it may be done by a mere preponderance of evidence, it would not affect the result in this case.

The weight of evidence being clearly against the appellant upon each and all the claims for relief asserted by him, the trial court properly refused to direct an issue out of chancery.

Upon the whole case, we are of opinion that there is no error in the decree complained of, and that it should be affirmed.

*Affirmed.*